MARCUS, Justice.
Junior Ray Spotville was convicted of criminal neglect of family and was ordered by the court to pay $30.00 bi-weekly for support of his children. Subsequently, on motion of the district attorney, Spotville was ruled into court to show cause why he should not be punished for contempt of court for failure to pay the alimony previously fixed by the court. A hearing was held in which it was shown that he was in arrears in the sum of $1,320.55 in support payments. The court found defendant guilty of contempt for failing to comply with the judgment of the court and sentenced him to pay a fine of $500.00 and, in default of payment thereof, to serve six months in the parish prison. The state then moved for a judgment directing defendant to pay the due and unpaid child support ($820.55) to the state. The court denied the motion. Upon the state’s application, we granted certiorari to review the correctness of this ruling.[1]
The state contends that the trial judge erred in refusing to render a judgment directing defendant to pay the due and unpaid child support to the state. The state argues that La.R.S. 14:75 mandates such a judgment and that the court has no discretion in the matter.
As amended by Act 115 of 1975, La.R.S. 14:75 provides:
Before the trial for criminal neglect of family (with the consent of the defendant), or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto, the court, in its discretion, having regard to the circumstances and financial ability of the defendant, shall have the power to issue an order directing the defendant to pay a certain sum weekly, or at such periods as the court may direct, to either parent or to the tutor or custodian of the minor child, or to an organization or individual approved by the court as fiduciary for such parent or child, or to the state of Louisiana, which sum may be increased or decreased by the court from time to time, as the circumstances may require, and with authority to require the defendant to enter into a recognizance, with or without surety, as the court shall direct, in order to insure the payment of the alimony. The condition of the recognizance shall be such that if the defendant shall make his or her personal appearance at court whenever ordered to do so, and shall further comply with the terms of the order or of any subsequent modification thereof, then the recognizance shall be void, otherwise of full force and effect.
If the defendant shall violate the terms of such order at any time, the court, upon the motion made by the parent or the district attorney on behalf of the state, may issue an order directing the defendant to show cause why he or she should not be punished for contempt of court for failure to pay the alimony, which rule shall be tried in a summary manner, and if on the hearing of such rule the court shall find that the accused has been guilty of contempt by failing to comply with the judgment of the court in paying the alimony assessed, then, and in that case, the court shall have the power to punish for such contempt by compelling the defendant to pay a fine of not less than twenty-five dollars, or in default of payment of said fine, to suffer imprisonment for not more than thirty days; or the court may fine the defendant the total amount of due and unpaid alimony and/or child support and order same to be paid to either parent or to the tutor or custodian of the minor child, to an organization or individual approved by the court as fiduciary for such parent or child, or to the state of Louisiana, which *1196 ever is applicable, within a period of time fixed by the court, during which time the defendant may be released upon giving a bond for his or her appearance in court at the expiration of said period if he or she should fail to comply with order of court within the period of time fixed; and in default of paying the total amount of back alimony and/or child support which the court has fined the defendant for his or her contempt of the judgment and orders of said court, the court shall have the right to commit the accused to imprisonment for not more than six months. In addition thereto, the court shall render judgment directing the defendant to pay the total amount of due and unpaid alimony and/or child support to the parent, tutor or custodian of the minor child, to an organization or individual approved by the court as fiduciary for such parent or child, or to the state of Louisiana, whichever is applicable. Such judgment shall have the same force and effect as a final judgment for money damages as against the defendant, and may be made executo-ry by any Louisiana court of competent civil jurisdiction in accordance with Articles 2781 through 2783 of the Code of Civil Procedure, on petition of the state of Louisiana or any appropriate judgment creditor. In all cases in which the parent, tutor, or custodian of the child has assigned his or her right to alimony and/or child support to the state, the court shall order all alimony and/or child support payments, and payment of past due alimony and/or child support, to be made to the designated agency of the state, to the exclusion of the parent, tutor, or custodian of the child and of any fiduciary for such parent or child. Any alimony and/or child support rights so assigned shall constitute an obligation to the state, and the state shall have the authority to use any civil or criminal remedy available to the assignor to enforce a support obligation.
In addition, thereto, in the event that the accused has entered into a recognizance with sureties in the amount fixed by the court to insure the payment of the alimony, the court shall also have the right and authority to order the forfeiture of such recognizance and enforcement thereof by execution, and the sum recovered may in the discretion of the court be paid in whole or in part to the parent or to the tutor or custodian of the minor child, or to an organization or individual approved by the court as fiduciary for such parent or child, or to the state of Louisiana provided that should the court order both the forfeiture of the recognizance and at the same time order the accused to pay all unpaid alimony under the sentence for contempt, in no event shall any further sum be paid than the amount of due and unpaid alimony. (Emphasis added.)
Prior to Act 115 of 1975, upon finding the accused guilty of contempt by failing to comply with the judgment and orders of the court in paying the alimony assessed, the court was empowered either (1) to compel the defendant to pay a fine of not less than twenty-five dollars, or in default of payment of said fine, to suffer imprisonment for not more than thirty days, or (2) to fine the defendant the total amount of due and unpaid alimony and order same to be paid to the appropriate party within a period of time fixed by the court, and in default of the payment of said fine, the court had the right to commit the accused to imprisonment for not more than six months.
Act 115 of 1975 retained the above penalty provision but provided in addition thereto that the court shall render judgment directing the defendant to pay the total amount of due and unpaid alimony and/or child support to the appropriate party which includes the state (or the designated agency of the state) where the parent, tutor or custodian of the child has assigned his or her right to alimony and/or child support to the state. The amendment provided that such judgment shall have the same force and effect as a final judgment for money damages as against the defendant and may *1197 be made executory by any Louisiana court of competent civil jurisdiction in accordance with articles 2781 through 2783 of the Code of Civil Procedure on petition of the state or any appropriate judgment creditor.
It is clear from the aforesaid amendment and by reading the statute as a whole that the legislature intended that, upon finding the accused guilty of contempt for failure to comply with the prior court order to pay alimony, the court is required to render a final money judgment against the defendant and in favor of the appropriate party for the total amount of the due and unpaid alimony and/or child support.[2] The amendment makes it clear that this judgment is to be “[i]n addition” to either of the fines imposed by the court. Any portion of the fine imposed which is paid to the appropriate party will be credited to the money judgment rendered for the total amount of due and unpaid alimony and/or child support. Payment of the fine is made more likely by the imposition of a prison sentence in default of the payment of said fine.
In the instant case, the total amount of due and unpaid child support was $1,320.55. The state, as assignee of the parent of the child, was entitled to a money judgment in its favor and against defendant for this amount in addition to the fine imposed of $500.00. Since the state is seeking judgment only in the amount of $820.55, we must assume that the $500.00 fine has been paid to the state. Hence, the state is entitled to a judgment of $820.55 representing the total amount of due and unpaid child support.
DECREE
For the reasons assigned, the judgment of the trial court is reversed; and the case is remanded to the Juvenile Court for the Parish of Orleans with instructions to the trial judge to render judgment in favor of the state and against defendant in accordance with the views herein expressed.

. 346 So.2d 221 (La.1977).

. The word “shall” is mandatory, and the word “may” is permissive. La.R.S. 1:3; La.Code Crim.P. art. 5; Dameron-Pierson Co. v. Bryant, 245 La. 208, 157 So.2d 886 (1963); State v. Kifer, 186 La. 674, 173 So. 169 (1937). Since La.R.S. 14:75 states that “the court shall render judgment,” (emphasis added) the provision is mandatory.